UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:08CV95-J

MICHAEL T. COX                                                                                       PLAINTIFF

VS.

MICHAEL J. ASTRUE,
    Commissioner of Social Security                                             DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Michael T. Cox ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be vacated and the matter remanded for additional proceedings.

## PROCEDURAL HISTORY

On November 12, 2003, Claimant filed application for Disability Insurance Benefits and Supplemental Security Income payments, alleging that he became disabled as of May 22, 1999. Administrative Law Judge Roger L. Reynolds ("ALJ") determined that claimant's coronary artery disease, status post myocardial infarction and percutaneous transluminal coronary angioplasty with stent placement, degenerative disc disease of the thoracic and lumbar spine, hypertension, non-insulin dependent diabetes, major depressive disorder, anxiety with panic features, pain disorder, and obesity were severe impairments that prevented his performance of any of his past relevant work. The ALJ further found that Mr. Cox retained the residual functional capacity for a significant number of jobs in the national economy. This became the final decision of the Defendant when the

Appeals Council denied review on May 14, 2008.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff argues that the ALJ erred in failing to accord the proper weight to the opinion of a treating physician. Dr. Hortillosa, plaintiff's treating psychiatrist, opined that Mr. Cox had "poor/none" ability to deal with work stress, and only fair ability to make several other occupational adjustments. Tr. 173. Mr. Cox's ability to understand, remember and carry out either detailed or complex job instructions was rated as poor as was his ability to behave in an emotionally stable manner. Tr. 174.

The courts have long held that the treating physician – especially one who has seen the patient over a period of time -- is in a unique position to evaluate the functional impact of an impairment on her or his patient, and the law recognizes the importance of that point of view by according deference to the opinions of treating physicians. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court again confirmed the weight ordinarily due the opinion of a treating

physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

A treating physician's opinion, if uncontradicted, should be given complete deference. See, e.g., Walker v. Secretary of Health & Human Servs., 980 F.2d 1066, 1070 (6th Cir.1992). A treating physician's opinion is entitled to controlling weight if the Commissioner finds "that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. S 404.1527(d)(2)(1999). In other words, the opinion of a treating physician need not be given *controlling* weight unless supported by clinical or diagnostic findings. See Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir.1997); Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir.1993); Kirk v. Heckler, 742 F.2d 968, 973 (6th Cir.1984). However, "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for *controlling* weight. Rogers v. Commissioner of Social Security, 486 F.3d 234, 242 (6th Cir. 2007).

The ALJ accorded "scant" weight to Dr. Hortillosa's opinion because it was "at odds with the narrative reports of the examiner, the activities of daily living, and represent conclusions reserved to the Commissioner." Tr. 25. Assuming that by "narrative reports," the ALJ was referring to the treatment notes at Adanta, it remains true that the ALJ failed to point out how the opinion was "at odds" with those notes or at odds with "activities of daily living." Given that Dr. Hortillosa's

opinion addressed issues of functional capacity – a matter clearly within the expertise of a treating psychiatrist – it is also difficult to understand how it represents a conclusion on the legal issue of disability. The law is quite plain in requiring that the ALJ recite clear reasons for rejecting a treating physician's opinion. Such a requirement necessarily contemplates that the ALJ identify *his or her own* reasons for the determination, and it is not satisfied by issuing an invitation to the Court to scour the record in an effort to discover what *might* have been the ALJ's reasons. As this requirement was not followed in this case, it is not possible for the Court to discern whether substantial evidence supports the ALJ's factual findings.

      An order in conformity has this day entered.